Carney R. Shegerian, State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, State Bar No. 259154
ANguyen@Shegerianlaw.com
Cheryl A. Kenner, State Bar No. 305758
CKenner@Shegerianlaw.com
**SHEGERIAN & ASSOCIATES, INC.**
145 South Spring Street, Suite 400
Los Angeles, California 90012
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860-0771

Attorneys for Plaintiff
CATHERINE HOLDEN, individually,
and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE HOLDEN, on behalf of herself and all others similarly situated, | Case No.: **'20 CV 2169 BEN LL** |
| | **CLASS ACTION COMPLAINT FOR:** |
| Plaintiffs, | **(1) BREACH OF CONTRACT;** |
| vs. | **(2) UNJUST ENRICHMENT;** |
| | **(3) CONVERSION;** |
| UNIVERSITY OF SAN DIEGO, a California Corporation; and DOES 1 through 10 inclusive, | **(4) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), BUSINESS AND PROFESSIONS CODE §§ 17200, *et seq.*;** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

---

**CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

|  |  | **Page** |
|---|---|---|
| I. | NATURE OF THE ACTION | 1 |
| II. | PARTIES AND JURISDICTION | 2 |
| III. | JURISDICTION AND VENUE | 3 |
| IV. | FACTUAL ALLEGATIONS | 3 |
| A. | University of San Diego | 3 |
| B. | Coronavirus Disease 2019 (COVID-19) | 5 |
| C. | Defendants Continue to Charge Full Tuition and Fees Despite the Pandemic. | 6 |
| V. | Class Action Allegations | 7 |
|  | Class Definition | 7 |
|  | Numerosity and Ascertainability | 8 |
|  | Adequacy | 8 |
|  | Typicality | 9 |
|  | Superiority | 9 |
|  | Commonality and Predominance | 10 |
| VI. | FIRST CAUSE OF ACTION | 11 |
|  | Breach of Contract (Brought by Plaintiff on Behalf of Herself and the Class Against All Defendants) | 11 |
| VII. | SECOND CAUSE OF ACTION | 14 |
|  | Unjust Enrichment (Brought by Plaintiff on Behalf of Herself and the Class Against All Defendants) | 14 |
| VIII. | THIRD CAUSE OF ACTION | 15 |
|  | Conversion (Brought by Plaintiff on Behalf of Herself and the Class Against All Defendants) | 15 |
| IX. | FOURTH CAUSE OF ACTION | 16 |
|  | Violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.* (Brought by Plaintiff on Behalf of Herself and the Class Against All Defendants) | 16 |
| X. | PRAYER FOR RELIEF | 18 |

**CLASS ACTION COMPLAINT**

XI.   DEMAND FOR JURY TRIAL                                                        20

**CLASS ACTION COMPLAINT**

Plaintiff CATHERINE HOLDEN, on behalf of herself and all others similarly situated, by and through her attorneys, Shegerian & Associates, Inc., hereby file the Class Action Complaint against Defendant UNIVERSITY OF SAN DIEGO, a California corporation ("USD"); and DOES 1 through 10 inclusive, (collectively, "Defendants"), and states as follows:

## I.        NATURE OF THE ACTION

1.  The is an action for breach of contract, unjust enrichment, conversion, and violation of the California's Unfair Competition Law ("UCL") brought by Plaintiff on behalf of herself and all others similarly situated, that is, all students enrolled at Defendants' educational institution.   Defendants have shut down all of its campus facilities, discontinued all live in-classroom instruction of all courses at any of Defendants' campus and schools, and instead moved all instruction to virtual online pre-recorded and/or live streaming video instruction.   While these actions are attributable to the COVID-19 pandemic and the shelter-in-place order in effect in the State of California, Defendants have continued holding Plaintiff and all students liable for the full pre-shutdown tuition and fee obligations, despite the fact that Defendants are unable to provide, and are not providing, the services and facilities that the students bargained for and are being billed for as part of their tuition and fees—fees and tuition costs that easily amount to thousands of dollars per student but less than $75,000 each at the time.

2.  While Defendants may not bear culpability for the campus closures or the inability to provide any classroom instruction, neither do the enrolled students.  Yet, while Defendants have used the current COVID-19 shutdown circumstances to excuse their duty to perform fully the obligations of their bargain with their students, Defendants continues to demand that all students fully perform their contractual bargain to pay in full all tuition and fees without any reduction for Defendants' lack of full performance.  This contrary to ordinary tenets of contract law.  The indefensible breach is saddling wholly innocent students with mounting debt as a result of having to pay tuition and fees for services they are not receiving and facilities and services that are not being provided.  In so acting,

Defendants are unjustly enriching themselves at the expense of Plaintiff and putative Class members she seeks to represent.

3.   California law recognizes the proposition that the relationship between a matriculated student and Defendants is a contractual one:  "By the act of matriculation, together with payment of required fees, a contract between the student and the institution is created."  *Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 824.  In addition to any express enrollment contract that may exist between the students and Defendants, the law recognizes an implied-in-fact contract brought about by the conduct of the parties during the students' enrollment. *Id.*

4.   Defendants have breached their contractual duties by ceasing all in-classroom instruction at all campuses, shutting down campus facilities, and evicting students in student housing, while continuing to asses and collect full tuition and fees from Plaintiff and class members as if full performance had been rendered to them.  Undoubtedly, however, the performance now being provided by Defendants and Defendants' campus facilities is different from and of lesser value than what was bargained for at the time of Plaintiff's and class members' enrollment.

5.   Plaintiff therefore brings the action on behalf of herself and all other similarly situated students of Defendants to seek redress for Defendants' breach of contract, unjust enrichment, acts amounting to the action of money had and received, and violations of the UCL.

## II.      PARTIES AND JURISDICTION

6.   Plaintiff Catherine Holden ("Holden") Holden is a resident of Los Angeles County.  Plaintiff Holden was an undergraduate student at the University of San Diego during the 2019-2020 academic year.  Plaintiff Holden completed her Bachelor of Arts Degree in Communications and Marketing in May 2020.

7.   Defendant the University of San Diego ("USD") is a private university incorporated in the State of California.  Defendant is doing business in the State of California, operating in the State of California, and is availing itself of the privileges and

**CLASS ACTION COMPLAINT**

obligations associated therewith.

## III.        JURISDICTION AND VENUE

8.   The Court has jurisdiction over the subject matter presented by the Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), which confers original jurisdiction on federal courts over a class action with at least 100 putative class members, minimal diversity in which any member of the putative class is a citizen of a state different from any defendant, and in which the amount in controversy exceeds in the aggregate sum of $5,000,000.00, exclusive of interest and costs.

9.   Plaintiff alleges that there are at least 100 putative class members with student enrollment in the thousands.

10.   Plaintiff alleges that the amount in controversy exceeds $5,000,000.00, pursuant 28 U.S.C. § 1332(d)(2) and (6).

11.    Plaintiff alleges that minimal diversity exists with members of the proposed class residents of states other than California and further that less than two-thirds of the proposed class are residents of California.

12.   Venue within this District is proper because Defendant USD is located at 5998 Alcala Park, San Diego, California 92110, which is within this District, is operating a university at its San Diego campus, and the acts complained of occurred within the District.

## IV.        FACTUAL ALLEGATIONS

### A.      University of San Diego

13.   Defendant the University of San Diego is a private university with an enrollment of approximately 9,181 students during the 2019-2020 academic year, which includes approximately 5,919 undergraduate students, 2,080 graduate students, and 1,078 doctoral and juris doctorate students.[1]

---

[1] https://www.sandiego.edu/facts/quick/2019/school.php

**CLASS ACTION COMPLAINT**

14.   The rate of annual tuition paid by undergraduate students during the 2019-2020 academic year was $50,450, or $25,225 for the semester.[2]   The rate of annual tuition for other specialized degree programs USD offered varied by the program, including $56,230 each year for USD's law school[3], $1,520 per unit for USD's Masters in Business Administration tuition, and $1,535 per unit for USD's School of Nursing and Health Science Master's program.[4]

15.   Additionally, Defendants assessed a variety of fees to its students for the 2019-2020 academic term.   The estimated fees charged to undergraduate students at USD for the 2019-2020 academic year was approximately $744 per student[5], $481 for USD law school students[6], $237 for Masters and Doctoral students[7].   These fees are assessed to students for services rendered, including student center fees and other resources available to students on campus.

16.   Defendants also assessed certain housing fees to putative Class members living in USD's student housing.

17.   Plaintiff and Class members paid all that they owe for tuition and fees.   Plaintiff registered and paid for in-person classes for the Spring semester based on Defendants' representations made in admissions brochures and materials online.   Plaintiff and putative Class members expected Defendants to provide in-person instruction for the entire term and enrolled for the term and paid all fees and tuition based on such expectations and representations.

18.   Plaintiff brings this action on behalf of herself and similarly situated students who

---

[2] https://www.sandiego.edu/one-stop/tuition-and-fees/undergraduate.php

[3] https://www.sandiego.edu/law/financial-aid/cost-of-attendance/2019-20.php#accordion-panel1

[4] https://www.sandiego.edu/one-stop/tuition-and-fees/graduate.php

[5] https://www.sandiego.edu/one-stop/tuition-and-fees/undergraduate.php

[6] https://www.sandiego.edu/law/financial-aid/cost-of-attendance/2019-20.php#accordion-panel1

[7] https://www.sandiego.edu/one-stop/tuition-and-fees/graduate.php

**CLASS ACTION COMPLAINT**

enrolled in USD during the Spring 2020 academic term and/or Summer 2020 or Fall 2020 academic terms.

**B.   Coronavirus Disease 2019 (COVID-19)**

19.   In December 2019, the Chinese government identified a novel coronavirus found in the Wuhan province called sever acute respiratory syndrome coronavirus 2 (SARS-CoV-2).  This strain of coronavirus caused Coronavirus disease 2019 ("COVID-19"), an easily spread and unusually lethal disease in certain population groups.[8]

20.   This disease quickly and explosively spread due to its ability to survive in small respiratory droplets and the World Health Organization characterized COVID-19 as a "public health emergency of international concern" in late January and as a pandemic on March 11, 2020.[9]

21.   On March 4, 2020, California Governor Gavin Newsom entered an executive order declaring a state of emergency to exist in California relating to COVID-19.

22.   On March 19, 2020, California Governor Newsom entered an Executive Order requiring all individuals living in California to stay home or at their place of residence except as needed to maintain continuity of operations of critical infrastructure sectors (in which case, physical distancing must be practiced).[10]

23.   The spread of the 2019 coronavirus (COVID-19) has radically changed life in this country with profound impacts on nearly every segment of American life.  In response to the pandemic, colleges and universities have taken aggressive measures, which include eliminating in-person classroom instruction and replacing it with online instruction, which is in the form of a combination of pre-recorded or live-streamed video instruction.

///

///

---

[8] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7128332/.

[9] https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020.

[10] https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf

**CLASS ACTION COMPLAINT**

## C.   Defendants Continue to Charge Full Tuition and Fees Despite the Pandemic.

24.   On March 19, 2020, California Governor Newsom entered an Executive Order requiring all individuals living in California to stay home or at their place of residence except as needed to maintain continuity of operations of critical infrastructure sectors (in which case, physical distancing must be practiced).[11]

25.   The spread of the 2019 coronavirus (COVID-19) has radically changed life in this country with profound impacts on nearly every segment of American life.  In response to the pandemic, colleges and universities have taken aggressive measures, which include eliminating in-person classroom instruction and replacing it with online instruction, which is in the form of a combination of pre-recorded or live-streamed video instruction.

26.   In particular, Defendants instituted mandatory "virtual" classes and ceased to provide on-campus resources to students—including access to laboratories, libraries, dining halls, fitness centers, and various student learning services.

27.   On or about March 12, 2020, Defendants announced that "the university is mandating campus-wide remote teaching effective March 23, 2020, through the end of the spring semester" and that "[they] are cancelling all classes from March 14-22." Additionally, on March 12, 2020, Defendants announced that "all USD students who live in the residence halls must relocate from campus no later than March 22."[12]

28.   Defendants ended all in-person classroom instruction and drastically changed the educational opportunities available to students, severely crippling Plaintiff and Class members from receiving the education for which they paid.

29.   Defendants attract students to its programs by emphasizing its campus life, with "stunning, panoramic views," where "students study and collaborate in an inspiring and

---

[11] https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf

[12] https://www.sandiego.edu/president/documents/emails/2020/coronavirus-mar12-update.html

**CLASS ACTION COMPLAINT**

intimate setting."[13]

30.   By and large, the commitments promised to students were and are left unfulfilled with Defendants barring students from campuses and imposing mandatory virtual classes. In short, the plethora of resources bargained and paid for by students have been denied.

31.   As a result of the transition to virtual learning online, the quality of education Plaintiff and Class members have received has suffered.

32.   Despite closing its campuses and failing to offer in-person classes, Defendants continue to charge full tuition and fees.   While students enrolled and paid for a comprehensive educational experience at Defendants' campuses, Defendants have, instead, provided a limited online experience, lacking invaluable in-person learning opportunities.

33.   Despite Defendants being allocated to receive $4,426,552.00 in federal assistance under the CARES ACT[14], Defendants have refused to reimburse Plaintiff and similarly situated students for failing to provide the services and educational opportunities paid for by the students.   Defendants are thus profiting from the pandemic while further burdening students and families, many of whom have been financially and/or physically impacted by COVID-19.

34.   Consequently, Plaintiff and Class members have suffered harm by losing the education, services, and other experiences Defendants promised to their students.   Plaintiff and similarly situated students seek disgorgement of their payments for unused services and refund of the tuition for the inadequate, subpar educational instruction provided in lieu of the quality education for which they bargained.

### V.      Class Action Allegations

### Class Definition

35.   Plaintiff brings this action pursuant to 28 U.S.C. § 1332(d) on behalf of a

---

[13] https://www.sandiego.edu/admissions/why-usd.php

[14] https://www2.ed.gov/about/offices/list/ope/allocationsforsection18004a1ofcaresact.pdf

proposed class of persons (the "Class"), defined as:

> All students enrolled at a USD campus who paid tuition and mandatory campus and student services fees for the Spring term of 2020 and thereafter for classes scheduled for in-person instruction who were denied that instruction for any part of the Spring Term of 2020 and thereafter.

36.   Excluded from the Class are Defendants, any of its past or present officers, directors, agents, and affiliates, any judge who presides over the action, and all counsel of record.

37.   Plaintiff reserves the right to expand, limit, modify, or amend the definitions of the class as may be desirable or appropriate during the course of the litigation.

38.   Class certification is proper because the question raised by the Complaint is one of a common or general interest affecting numerous persons so that it is impracticable to bring them all before the Court.

### Numerosity and Ascertainability

39.   The class is sufficiently numerous, as Defendants boast an enrollment of approximately 9,181 students.  Class members may be identified through objective means, such as Defendants' records, and notified of the action by recognized methods of notice, such as mail or e-mail, or publication in print or on the Internet. Furthermore, Defendants maintain rosters of all of its attending students and their financial obligations and payments.

### Adequacy

40.   Plaintiff and her counsel are adequate representatives of the interests of the putative Class.  Plaintiff is a student at USD who is being charged tuition or fees as part of her enrollment.  She contends that USD has breached its agreement with students by continuing to charge and demand full tuition and fees, even though USD is not providing any in-person classroom instruction at its campus and not making campus facilities available for students.

**CLASS ACTION COMPLAINT**

41.   Plaintiff has retained counsel experienced in class action litigation to litigate and represent the interests of the Class.

### Typicality

42.   Plaintiff's claims are typical of the claims being raised on behalf of the absent Class members.  Like all absent Class members, Plaintiff seeks redress for Defendants' failure to provide any in-person campus instruction or campus facility, while continuing to charge full tuition and fees.  The claims Plaintiff asserts are the same as and co-extensive with the claims raised on behalf of Class members.

### Superiority

43.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Here, classwide litigation is superior to individually litigating and adjudicating the dispute, because the cost of litigating an individual claim for partial refund of tuition or fees makes such individual litigation unfeasible, given the costs of bringing such an action relative to the amount of damages recoverable in an individual action.

44.   A class action is also superior to other available methods for the fair and efficient adjudication of the controversy because it eliminates the prospect of inconsistent rulings that would unsettle the legal obligations or expectations of Defendants, Plaintiff, and Class members.

45.   Because the damages suffered by each individual class member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual class members to redress the wrongs done to each of them individually, so that the prosecution of specific actions and the burden imposed on the judicial system by individual litigation by the Class would be significant, making class adjudication the superior option.

46.   The conduct of the action as a class action presents far fewer management difficulties, far better conserves judicial resources and the parties' resources, and far more effectively protects the rights of each class member than would piecemeal litigation.

**CLASS ACTION COMPLAINT**

Compared to the expense, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, any challenge of managing the action as a class action is substantially outweighed by the benefits to the legitimate interests of the parties, the Court, and the public of class treatment, making class adjudication superior to other alternatives.

### Commonality and Predominance

47.   Plaintiff's Complaint raises questions of fact or law common to the class that predominate over questions affecting only individual class members.   Among these predominating common questions are:

a.   Whether the relationship between Defendants and Plaintiff and members of the Class is contractual;

b.   What tuition and mandatory fees Plaintiff and Class members paid to Defendants;

c.   What tuition and mandatory fee refunds, if any, Defendants issued to Plaintiff and class members;

d.   Whether Defendants breached their agreements with Plaintiff and Class members when Defendants failed to deliver to Plaintiff and Class members in-person instruction and the services for which they paid tuition and mandatory fees and subsequently refused to refund;

e.   Whether the refunds, if any, Defendants issued to Plaintiff and Class members were adequate to account for the cessation in in-person classroom instruction and services and the closure of campus facilities;

f.   Whether Defendants ceased providing in-person classroom instruction to Plaintiff and Class members;

g.   Whether Defendants deprived Plaintiff and Class members of the use and enjoyment of campus services and facilities;

h.   Whether the value of online instruction is not equivalent to the value of the in-person classroom instruction that Plaintiff and Class members bargained for and for

**CLASS ACTION COMPLAINT**

which they were and are continuing to be charged;

i.   Whether the value of campus facilities that Plaintiff and Class members were charged has been lessened as a result of Defendants' closing campus facilities;

j.   Whether Defendants' action in continuing to charge and demand full tuition and fees has harmed Plaintiff and Class members;

k.   Whether a method of computing classwide damages or restitution exists;

l.   Whether Defendants was unjustly enriched by retaining tuition and mandatory fee payments when Plaintiff and Class members did not receive the services for which they paid tuition and mandatory fees;

m.   Whether Plaintiff and Class members are entitled to declaratory or injunctive relief against Defendants;

n.   Whether Defendants have unjustly enriched themselves at the expense of Plaintiff and Class members; and

o.   Whether Defendants engaged in unfair business practices in violation of California law in refusing to refund any portion of the tuition and fees paid for services not offered to Plaintiff.

48.   In the event that the Court were to find the proposed class definition inadequate in any way, Plaintiff respectfully prays for certification of any other alternative, narrower class definition or for the certification of subclasses, as appropriate.

## VI.   FIRST CAUSE OF ACTION

### Breach of Contract

**(Brought by Plaintiff on Behalf of Herself and the Class Against All Defendants)**

49.   Plaintiff re-alleges and incorporates by reference all previous allegations as though set forth in full herein.

50.   By the act of matriculation, together with payment of required fees, a contract between Plaintiff and Class members, on the one hand, and Defendants, on the other hand, was created.   Thus, in addition to any enrollment contract that may exist between

**CLASS ACTION COMPLAINT**

Defendants and the Plaintiff and Class members, an implied-in-fact contract independently exists between the parties as a matter of California law.

51.   By ceasing all in-person classroom instruction, relegating Plaintiff and Class members to online instruction only and shutting off campus facilities to Plaintiff and Class members, Defendants have failed to provide the services that plaintiff bargained for in entering her contractual relationship with Defendants.

52.   Although Defendants may not bear culpability for the campus closures or the inability to provide any classroom instruction, neither do the enrolled students.  Yet, while Defendants have used the current COVID-19 shutdown circumstances to excuse its obligation to fully perform the obligations of their bargain with their students, Defendants continue to demand that all students fully perform their contractual obligations to pay in full all tuition and fees, without any reduction for Defendants' failure to fully perform their contractual obligations.  The is contrary to the tenets of contract law.

53.   The nature of the instruction provided by Defendants at the time Plaintiff and Class members enrolled (*i.e.,* in-person classroom instruction), as well as the campus facilities Defendants offer across its schools and campuses, were and are material terms of the bargain and contractual relationship between students and Defendants.

54.   Defendants' failure to provide any in-person classroom instruction and its shutdown of campus facilities amount to a material breach of the contract.

55.   As a result of Defendants' material breach—regardless of whether Defendants' performance may be excused—Plaintiff and Class members are not to be held liable for continuing to perform their contractual obligations.  That is, regardless of whether Defendants' failure to offer in-person classroom instruction or to provide campus facilities is to be excused as a result of the COVID-19 pandemic,  Defendants cannot continue to demand full payment of tuition and fees from Plaintiff and Class members for services and facilities that Defendants are indisputably failing to provide.

56.   Defendants' breach and continued demand for full payment from Plaintiff and the Class members are the proximate causes of Plaintiff's and Class members' injury.

57.   Plaintiff and Class members have all been harmed as a direct, foreseeable, and proximate result of Defendants' actions because Plaintiff and Class members are being charged full tuition and fees for services that Defendants are not providing.

58.   Plaintiff and Class members are entitled to an award of money damages or partial restitution in an amount to be determined at trial as redress for Defendants' breach.  Plaintiff prays for the establishment of a Court-ordered and Court-supervised common fund from which the claims of affected Class members may be paid and the attorneys' fees and costs of suit expended by class counsel, as approved by the Court, may be awarded and reimbursed.

59.   Defendants continue to insist that full tuition and fees are due from plaintiff and the students, despite Defendant's failure to fully perform its contractual obligations. Unless restrained by way of injunctive relief, Defendants' conduct is reasonably likely to lead to irreparable harm.  Plaintiff and Class members are entitled to and hereby pray for injunctive relief to enjoin Defendants' continued conduct.

60.   Defendants continue to represent falsely on its web site that it offers campus facilities with significant benefit and value to students and continues to represent falsely the value of its in-person on-campus classes.  Unless restrained by way of injunctive relief, Defendants' conduct is reasonably likely to lead to irreparable harm.  Plaintiff and Class members are entitled to and hereby pray for injunctive relief to enjoin Defendants' continued conduct.

61.   Defendants dispute their obligation to refund tuition and fees to Plaintiff and Class members.  Given the dispute and the contractual relationship between the parties, Plaintiff and Class members are entitled to and hereby pray for declaratory relief to have the Court declare the parties' respective obligations.

///

///

///

///

**CLASS ACTION COMPLAINT**

## VII.   SECOND CAUSE OF ACTION

### Unjust Enrichment

### (Brought by Plaintiff on Behalf of Herself and the Class Against All Defendants)

62.   Plaintiff re-alleges and incorporates by reference all previous allegations as though set forth in full herein.

63.   Plaintiff and Class members conveyed money to Defendant in the forms of tuition and fees for on-campus instruction and facilities that Defendants did not provide and is not providing.  Defendants have continued to retain these monies, despite not providing the full benefit of on-campus classroom instruction and campus services and facilities.

64.   Through the conduct, Defendants have been unjustly enriched at the expense of Plaintiff and Class members.

65.   Between the parties (Defendants and the Class members), it would be inequitable to permit Defendants to retain all of the benefits Plaintiff and Class members conferred on Defendants the form of tuition and fees paid.

66.   Plaintiff and Class members are entitled to and hereby pray for an order of partial restitution as redress for Defendants' unjust enrichment.  Plaintiff prays for the establishment of a Court-ordered and -supervised common fund from which the claims of affected Class members may be paid and the attorneys' fees and costs of suit expended by class counsel, as approved by the Court, may be awarded and reimbursed.

67.   Defendants continue to falsely represent on their web site that they offer campus facilities with significant benefit and value to students and continue to falsely represent the value of their in-person on-campus classroom instruction.  This false in that such on-campus instruction is not being offered.  Defendants also continue to defy and deny requests for partial tuition or fee reimbursement, claiming that it is offering the same services for which Plaintiff and Class members bargained.  Thus, Defendants are continuing to demand full tuition and fees despite announcing that they will not be providing any on-campus instruction for the summer sessions and is uncertain of whether it will do so for the Fall 2020 term.  Unless restrained by way of injunctive relief,

**CLASS ACTION COMPLAINT**

Defendants' conduct is reasonably likely to lead to irreparable harm.  Plaintiff and Class members are entitled to and hereby pray for injunctive relief to enjoin Defendants' continued conduct.

## VIII.        THIRD CAUSE OF ACTION

### Conversion

**(Brought by Plaintiff on Behalf of Herself and the Class Against All Defendants)**

68.   Plaintiff re-alleges and incorporates by reference all previous allegations as though set forth in full herein.

69.   Defendants received money from Plaintiff and Class members in the form of tuition and fee payments.

70.   The money Plaintiff and Class members paid to Defendants was supposed to be used for the benefit of Plaintiff and Class members for Defendants' provision of on-campus university classroom instruction and to make available to Plaintiff and Class members campus services and facilities.

71.   Defendants wrongfully exercised control over and/or intentionally interfered with the rights of Plaintiff and Class members by effectively closing their campuses to in-person classroom instruction and switching to a virtual online-only format, discontinuing paid-for services, and evicting students from campus housing.

72.   Defendants received and wrongfully kept the money Plaintiff and Class members paid for tuition and fee payments, because Defendants have not provided campus facilities or on-campus instruction for the Winter/Spring term.  More specifically, Defendants failed to provide to Plaintiff and Class members the benefits—such as in-person classroom instruction and related academic activities, access to campus services, facilities, and in-person extracurricular, athletic, and other student activities—that Plaintiff and Class members paid the tuition and mandatory campus and student services fees to secure.

73.   Plaintiff and/or Class members have requested that Defendants issue refunds.

74.   Defendants refused to return, and has thus wrongfully retained, a portion of

tuition and mandatory campus and student services fees. Defendants, therefore, are indebted to Plaintiff and Class members for the failure to provide on-campus classroom instruction and campus facilities.

75. Defendants' actions have damaged Plaintiff and Class members in the amounts of the tuition and mandatory campus and student services fees that defendant improperly withheld.

76. Plaintiff and Class members hereby pray for the full panoply of remedies available as redress for conversion, including a constructive trust over such monies had and received for which the benefit was not provided, restitution or disgorgement, as appropriate, and declaratory and injunctive relief.

## IX.     FOURTH CAUSE OF ACTION

**Violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.***

**(Brought by Plaintiff on Behalf of Herself and the Class Against All Defendants)**

77. Plaintiff re-alleges and incorporates by reference all previous allegations as though set forth in full herein.

78. California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200, *et seq.*, prohibits an "unlawful, unfair or fraudulent business act or practice."

79. Defendants violated the Unfair Competition Law by committing an unlawful act by breaching their contracts with Plaintiff and Class members, failing to provide services paid for, including in-person classroom instruction and access to Defendants' facilities, and failing to refund tuition, fees, and costs.

80. Defendants' conduct in representing that it offers campus facilities and on-campus instruction to Plaintiff and Class members when, in fact, it did not do so, but continuing to charge and demand full tuition and fees as if such services and facilities were being provided, amounts to an unlawful, unfair, or deceptive business practice within the

meaning of California's UCL.  Defendants' conduct of failing to reimburse students some portion of tuition and applicable fees that correspond to the duration during which they received virtual learning instead of in-person instruction constitutes an unfair business practice in violation of the UCL.

81.   Had Defendants disclosed that they would not be offering on-campus facilities or in-classroom instruction before it charged Plaintiff and Class members full tuition and fees and decided to retain them, Plaintiff and Class members either would not have enrolled at Defendants' educational institution or would not have agreed to pay the same amounts of tuition and fees for services and facilities they would not receive.

82.   Defendants' practices are fraudulent because Defendant represented that it would offer in-person instruction and access to Defendants' campus facilities.  Plaintiff and Class members paid for the Winter/Spring 2020 term and college experience advertised. However, Plaintiff and Class members did not receive the services they paid for—Defendant moved all classes online, restricted student access to university facilities, and evicted students from campus housing.

83.   Plaintiff and Class members conveyed money to Defendants in the forms of tuition and fees while Defendants were engaged in the unlawful, unfair, or deceptive business practice.

84.   Plaintiff and Class members have been and continue to be injured by Defendants' unlawful, unfair, or deceptive business practices because they are not receiving the in-struction or facilities for which they conveyed money to Defendant.

85.   Plaintiff and Class members are entitled to and pray for an order of partial restitution as redress for Defendant's violations of the UCL.

86.   Plaintiff and Class members pray for the establishment of a Court-ordered and -supervised common fund from which the claims of affected Class members may be paid and the attorneys' fees and costs of suit expended by class counsel, as approved by the Court, may be awarded and reimbursed.

87.   Defendants continue to charge full tuition and fees as if full services and facilities

were being provided, collecting millions of dollars from students deprived of the full benefit of their payments.

88.   Defendants continue to represent falsely on its web site that it offers campus facilities with significant benefit and value to students and continues to represent falsely the value of its in-person on-campus classes.  Defendants also continue to defy and deny all requests for partial tuition reimbursement, claiming falsely that it is offering the same services as Plaintiff and Class members had bargained for.  Thus, Defendants are continuing to demand full tuition and fees, even though Defendants have already announced that they will not be providing any on-campus instruction for the summer sessions and is uncertain of whether it will do so for the Fall 2020 term.  Unless restrained by way of injunctive relief, Defendants' conduct is reasonably likely to lead to irreparable harm.  Plaintiff and Class members are entitled to and hereby pray for injunctive relief to enjoin Defendants' continued conduct.

89.   As a direct and proximate result of Defendants' unlawful and unfair business acts and practices, Plaintiff and Class members have suffered and will continue to suffer actual damages.

90.   Plaintiff and Class members are entitled to and seek disgorgement and restitution of the benefits unjustly retained, whether in whole or in part, including through refunds for tuition, fees, and/or room and board.

## X.      PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests that the Court finds against Defendants as follows:

1.   An order certifying the action as a class action as defined herein, appointing Plaintiff as Class representative, her counsel as Class counsel, and directing that notice be disseminated to the absent Class members;

2.   For judgment in favor of Plaintiff and Class members and against Defendants on all counts and claims for relief;

**CLASS ACTION COMPLAINT**

3.   For compensatory, consequential, general, and special damages and/or restitution in an amount to be determined at trial;

4.   For statutory damages, treble damages, and special or exemplary damages to the extent permitted by law;

5.   Pre-judgment and post-judgment interest at the maximum legal rates; and

6.   For the establishment of a Court-ordered and -supervised common fund to be funded by Defendant and from which claims of all eligible class members will be paid, attorneys' fees awarded to class counsel will be paid, costs of suit approved by the Court and incurred by Class counsel will be reimbursed, and any award of interest will be disbursed;

7.   For interest as permitted by law;

8.   For an award of attorneys' fees;

9.   For costs of suit;

10.   For declaratory relief, to have the Court declare the obligations of the parties;

11.   For injunctive relief to enjoin Defendants' ongoing conduct; and

12.   For all such other relief as the Court deems just and proper.

Dated:  October 29, 2020          **SHEGERIAN & ASSOCIATES, INC.**


By:  */s/ Carney Shegerian*
Carney R. Shegerian
Anthony Nguyen
Cheryl A. Kenner

Attorneys for Plaintiff CATHERINE HOLDEN, on behalf of herself and all others similarly situated

## XI.  DEMAND FOR JURY TRIAL

Plaintiff CATHERINE HOLDEN, on behalf of herself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

Dated:  October 29, 2020          **SHEGERIAN & ASSOCIATES, INC.**


By:  */s/ Carney Shegerian*
Carney R. Shegerian
Anthony Nguyen
Cheryl A. Kenner

Attorneys for Plaintiff CATHERINE HOLDEN, on behalf of herself and all others similarly situated

**CLASS ACTION COMPLAINT**